UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK WILSON, #453216,<br>    Plaintiff,<br><br>-v-<br><br>CORIZON HEALTH, INC., et al.,<br>    Defendants. | No. 1:18-cv-1138<br><br>Honorable Paul L. Maloney |

## ORDER

This is a civil rights action brought by state prisoner Patrick Wilson pursuant to 42 U.S.C. § 1983. On February 27, 2020, United States Magistrate Judge Ray Kent issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment (ECF No. 44). Wilson timely filed an objection (ECF No. 45) and Defendants timely responded (ECF No. 47). For the reasons to be discussed, the Court will overrule the objection and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Wilson brings a single objection to the R&R: he argues that Magistrate Judge Kent applied an incorrect standard of review to his claims. In Wilson's view, the Supreme Court's holding in *Scott v. Harris*, 550 U.S. 372, 380 (2007) (that a court should not adopt a party's version of the facts if it is "blatantly contradicted by the record, so that no reasonable jury could believe it"), "is not only erroneous, but wrong." (ECF No. 45 at PageID.545.) The Court disagrees. *Scott* is good law, and it requires a court to discount a party's version of events if it is wholly unsubstantiated by the record. *Id.* In this case, the record evidence clearly contradicts Wilson's version of events, so Magistrate Judge Kent was not required to adopt Wilson's facts as truth. Wilson's objection is meritless and accordingly, it is overruled. Having reviewed the remainder of the R&R and finding no error,

**IT IS ORDERED** that the February 27, 2020 R&R (ECF No. 44) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 45) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 34) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: April 6, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge